```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERFAN YOUSUFI,

                        Plaintiff,
                                                                    REPORT &
            -against-                                               RECOMMENDATION
                                                                    16-CV-6559 (DLI)
DEWAN MOTORS LLC, AND
SHEHAN RAHMAN,

                        Defendants.
-------------------------------------------------------------X
GOLD, S., U.S.M.J.:
```

## INTRODUCTION

Erfan Yousufi ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, under New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.* and §§ 650 *et seq.*, and under 12 N.Y.C.R.R. §§ 142-2.2, 2.4. Plaintiff alleges that he was employed by Dewan Motors LLC ("Dewan Motors") and Shehan Rahman ("Rahman" and collectively "defendants") from August 2013 until August 2016 and that he was not compensated as required by law.[1] Plaintiff's Declaration in Support of Motion for Default Judgement ("Pl.'s Decl.") ¶ 2, Docket Entry 13-2; Compl. ¶ 1, Docket Entry 1. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, and statutory damages for defendants' labor law violations. Pl.'s Mem. at 12. Defendants did not answer the complaint or otherwise appear to defend this action.

---

[1] Plaintiff's complaint states that plaintiff worked for defendants "from in or around 2012 to in or around August 2016." Compl. ¶ 15. As noted in the text, though, plaintiff's declaration in support of the pending motion states that he began his employment in August 2013. Plaintiff's Memorandum in Support likewise states that he began working for defendants in August 2013. Plaintiff's Memorandum of Law in Support of His Motion for Default Judgement ("Pl.'s Mem.") at 9, Docket Entry 13-1. For the purposes of this motion, the Court assumes that the date provided in plaintiff's sworn declaration and in his Memorandum of Law—August 2013—is the correct one.

In light of defendants' failure to defend, plaintiff requested the Clerk of the Court to enter a notation of default, Docket Entry 10, which the Clerk entered on May 16, 2017, Docket Entry 11. Chief United States District Judge Dora L. Irizarry then referred this case to me to report and recommend on the amount of damages, attorney's fees and other relief, if any, to be awarded. August 31, 2017 Order.

Plaintiff has submitted a memorandum of law, a declaration, and the declaration of his attorney, Abdul Karim Hassan, along with exhibits, in support of his motion for entry of a default judgment. Docket Entry 13. Having reviewed these submissions, I respectfully recommend that plaintiff be awarded $20,475 in compensatory and liquidated damages pursuant to the FLSA and $10,000 in statutory damages pursuant to N.Y. Lab. Law §§ 195(1), (3), 198(1-b), (1-d).

## FACTS

Plaintiff is a former employee of defendant Dewan Motors, a car dealership allegedly owned, controlled, and managed by defendant Shehan Rahman. Compl. ¶¶ 9, 13, 15. Plaintiff alleges that defendants purchase cars, some of which are from other states, and resell between four and twenty of them per month at prices ranging from $4,000 to $20,000. Pl.'s Mem. at 4-5; Pl.'s Decl. ¶ 11-12. Plaintiff was interviewed for his position by Rahman and started working for defendants in August 2013. Pl.'s Decl. ¶¶ 2, 6. Plaintiff did a variety of odd jobs for defendants, including cleaning, placing orders, and assisting customers. *Id.* ¶ 4. Plaintiff alleges that he usually worked from Monday to Saturday, 9:30 a.m to 7:30 p.m., with a 30-minute lunch break. *Id.* at ¶ 14. On Sundays, plaintiff would work from 11:00 a.m. to 4:00 p.m. without a lunch break. *Id*. Plaintiff also alleges that he would stay at least until 8:30 p.m., and occasionally until 9:30 p.m. or 10:00 p.m., from Monday to Saturday, and that he "was never

completely free during" his lunch break. Pl.'s Decl. ¶¶ 15-16. Despite this additional alleged time, plaintiff seeks damages based upon having worked only 65 hours per week. *Id.* ¶ 18.

Plaintiff alleges that he took off of work for one to two weeks per year; thus, in total, plaintiff alleges that he worked for 150 weeks during his three years of employment. Pl.'s Mem. at 9. Plaintiff alleges that defendants never provided him with any wage notices, wage statements, or pay stubs. Pl.'s Decl. ¶ 20.

Plaintiff alleges that he was paid $500 per week plus commissions, which ranged from about $60 to $360 per week. *Id.* ¶ 19. Thus, plaintiff's hourly wage ranged from $14 to $21.50.[2] Compl. at ¶ 17; Pl.'s Mem. at 10. Plaintiff alleges that he did not receive any pay for overtime hours, much less pay at the rate of one and one half times his normal hourly rate. Compl. ¶¶ 17, 26.

## DISCUSSION

1. Liability

A defendant's default is deemed an admission of all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*,

---

[2] Plaintiff alleges in his complaint that his pay ranged from $14.06 to $21.56 while he worked for defendants. Compl. ¶ 17; Pl.'s Mem. at 10. This calculation seems to be off by six cents. The Court's calculation of a range from $14 to $21.50 per hour noted in the text was derived as follows: ($500 + $60)/40 hours = $14 per hour; ($500 + $360)/40 hours = $21.50 per hour.

3

653 F.2d 61, 65 (2d Cir. 1981). For the reasons set forth below, I conclude that plaintiff's complaint asserts valid claims for violations of federal and state wage and hour laws.

I first turn to whether plaintiff's employment with defendants is covered by the FLSA. The FLSA provides that

> [e]very employer shall pay to each of his employees . . . who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . [wages] not less than the minimum wage rate in effect under subsection (a)(1) of this section. 29 U.S.C. § 206(b). An enterprise is engaged in commerce where, in relevant part, it "has employees . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and where its "annual gross volume of sales made or business done is not less than $500,000." *Id.* § 203(s)(1)(A). Commerce is, in turn, defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* § 203(b).

*Mejia v. E. Manor USA Inc.*, 2013 WL 3023505, at *2 (E.D.N.Y. Apr. 19, 2013).

Thus, a plaintiff in an FLSA action must establish: (1) that an employer–employee relationship exists, and (2) that the employer is engaged in interstate commerce. *See* 29 U.S.C. § 206(b). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and a "person" as, among other things, either an individual or a corporation. *Id.* §§ 203(a), 203(d). The definition of an employer under New York Labor Law is "similarly expansive." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005) (citing, *inter alia*, N.Y. Lab. Law § 651(6)).

Plaintiff alleges that defendant Dewan Motors LLC is a car dealership, and is owned and managed by defendant Rahman. Compl. ¶¶ 9, 13. Plaintiff alleges that he was employed by defendant Dewan Motors as a manual worker and performed a variety of tasks for the dealership. Compl. ¶ 16. Defendant Dewan Motors thus clearly meets the definition of employer under both federal and state law.

4

Rahman, the individual defendant, may also be held liable as an employer. Following the Supreme Court's mandate in *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961) that courts look to the "economic reality" of a situation to determine who qualifies as an employer, the Second Circuit has identified the following factors as relevant: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). The NYLL employs the same economic realities test. *Slamna v. API Restaurant Corp.*, 2012 WL 2979067, at *3 (S.D.N.Y. July 20, 2012); *Doo Nam Yang*, 427 F. Supp. 2d at 342 n.25. Here, plaintiff's complaint alleges that defendant Rahman exercised substantial control over employees like plaintiff: Rahman is alleged to have hired, fired, controlled, supervised, and managed plaintiff. Compl. ¶ 10; Pl.'s Decl. ¶¶ 6-9. Thus, defendant Rahman is an employer subject to FLSA and NYLL liability, and is properly held jointly and severally liable with defendant Dewan Motors for any judgment entered in this case. *See Man Wei Shiu v. New Peking Taste Inc.*, 2014 WL 652355, at *9 (E.D.N.Y. Feb. 19, 2014).

To recover under the FLSA, a plaintiff must also allege that he is either personally engaged in interstate commerce or in the production of goods made in interstate commerce, or that his employer is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. *Shim v. Millennium Group*, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009).

> Under the FLSA, an enterprise engaged in commerce is defined as an enterprise that has employees engaged in interstate commerce or in the production of goods for interstate commerce, *or that has employees handling,* selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce, and whose annual gross volume of sales made or business done is not less than $500,000.

5

*Id.* (internal brackets and quotation marks omitted) (quoting 29 U.S.C. § 203(s)(1)(A)) (emphasis in original).

Here, plaintiff alleges in his complaint that Dewan Motors was engaged in interstate commerce and conducted transactions totaling more than $500,000 annually. Compl. ¶¶ 34-36. Specifically, plaintiff alleges that defendants bought and sold cars, some of which came from other states, and that defendants sold these cars at prices ranging from $4,000 to $20,000 each. Pl.'s Decl. ¶ 11-12. Plaintiff has thus adequately pleaded the interstate commerce element of a FLSA claim.

Having concluded that plaintiff has established the threshold requirements for invoking the FLSA and NYLL, I now turn to the substance of plaintiff's claims. Plaintiff has established defendants' joint and several liability for violation of federal and state overtime mandates. Both federal and state statutes require that employees be paid one and a half times their regular rate for overtime, or time worked above forty hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2 (mandating an overtime wage calculated, in relevant part, in the same manner as under the FLSA). Plaintiff affirms that, throughout the period of his employment, he worked from 9:30 a.m. to 7:30 p.m. or later from Monday to Saturday, and 11:00 a.m. and to 4:00 p.m. on Sundays. Pl.'s Decl. ¶ 14. Plaintiff further alleges that he received no pay at all for his overtime hours. Compl. ¶ 26; Pl.'s Decl. ¶ 19. In total, plaintiff is claiming that he worked 65 hours each week; thus, he seeks overtime payments for the extra twenty-five hours that he worked. Pl.'s Decl. ¶ 18.

Furthermore, plaintiff's allegations are sufficient to establish that he was not an exempt worker as defined by either the NYLL or the FLSA. The FLSA's exemptions are construed narrowly, and the "burden rests on the employer to prove that a particular employee is exempt

6

from the Act's requirements." *Howard v. Port Authority of New York, New Jersey*, 684 F. Supp. 2d 409, 412 (S.D.N.Y. 2010) (quoting *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008)); *see also Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 160 (E.D.N.Y. 2014); *Sethi v. Narod*, 974 F. Supp. 2d 162, 178 (E.D.N.Y. 2013). "The FLSA exempts from [the] overtime requirement any employee employed in a bona fide . . . professional capacity." *Howard*, 684 F. Supp. 2d at 412 (internal quotation marks omitted) (quoting 29 U.S.C. § 213(a)(1). As noted above, plaintiff asserts that he was hired as a manual worker and performed a variety of low-level tasks, including cleaning and inspecting cars. Compl. ¶ 16. Moreover, defendants, having defaulted, clearly have not met their burden of proving that plaintiff was exempt.

Plaintiff has also sufficiently alleged violations of state wage notice and statement requirements. State law requires an employer to provide an employee, at the time of hiring, with a written "notice containing the following information: the rate or rates of pay and basis thereof . . . the regular pay day designated by the employer . . . . [T]he notice must state the regular hourly rate and overtime rate of pay" in English and in the employee's primary language. N.Y. Lab. Law § 195(1)(a). Additionally, under state law, employers must "furnish each employee with a statement with every payment of wages, listing . . . the dates of work covered by that payment[,] the regular hourly rate or rates of pay[, and] the overtime rate or rates of pay." N.Y. Lab. Law § 195(3). Plaintiff alleges that defendants did not provide him with written notice of his rate of pay at the time of his hiring. Compl. ¶ 24; Pl.'s Decl. ¶ 20. Plaintiff also alleges that he never received wage statements or pay stubs. Compl. ¶ 25; Pl.'s Decl. ¶ 20. Thus, accepting his allegations as true in light of defendants' default, plaintiff has demonstrated that defendants violated N.Y. Lab. Law § 195.

7

2. Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *Greyhound Exhibitgroup*, 973 F.2d at 158. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). This determination may be made based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40; *see generally* Fed. R. Civ. P. 55(b)(2).

Plaintiff has described his work schedule in his affidavit. Pl.'s Decl. ¶¶ 14-16. Although the number of hours plaintiff worked is detailed only in his affidavit and not in other supporting documents, his estimate is to be credited. A "plaintiff need not compute FLSA damages with precision. The burden is on an employer [to] properly . . . record hours, and an employee need only as a *prima facie* matter present an estimate of damages that is satisfactory as 'a matter of just and reasonable inference.'" *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. App'x 19, 20-21 (2d Cir. 2002) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). In the case of a defendant's default, "the courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Perero v. Food Jungle, Inc.*, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006) (internal quotation marks and citation omitted); *see also Pavia v. Around the Clock Grocery, Inc.*, 2005 WL 4655383, at *6 (E.D.N.Y. Nov. 15, 2005) (finding plaintiff's testimony to be credible when defendants did not appear to challenge plaintiff's claims).

Plaintiff seeks to recover compensatory damages under federal and state law for the period of his employment, from August 2013 through August 2016. Pl.'s Decl. ¶ 2. Plaintiff also seeks liquidated damages under both the FLSA and NYLL and statutory damages under NYLL for the wage notice and statement violations. Pl.'s Mem. at 10-12. I set out my calculations of these damages below.[3]

A. Compensatory and Liquidated Damages

Plaintiffs prevailing on a claim brought under the FLSA are entitled to recover

> in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). New York Labor Law similarly allows for the recovery of "the full amount of any such underpayments, together with costs[,] all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules," and liquidated damages.[4] N.Y. Lab. Law §§ 198, 663(1).

I have reviewed plaintiff's sworn declaration, Docket Entry 13-2, as well as the calculations set out in his memorandum of law. In light of defendants' default, plaintiff's recollections of the hours he worked and the pay he received are presumed accurate. *See Doo*

---

[3] Plaintiff's motion papers do not include an application for an award of attorney's fees and costs.

[4] The statute of limitations for wage and hour claims under federal law is two years; under state law, the limitations period is six years. 29 U.S.C. § 255(a); N.Y. Lab. Law § 198(3). The federal limitation period may be extended to three years if the "cause of action [arises] out of a willful violation." 29 U.S.C. § 255(a). Plaintiff, however, may not recover under both statutes for the same injury. *See, e.g.*, *Angamarca v. Pita Grill 7 Inc.*, 2012 WL 3578781, *4 (S.D.N.Y. Aug. 2, 2012). Here, plaintiff pleaded that defendants acted willfully. Compl. ¶¶ 26, 36, 40, 45. Because defendants have not responded to this action, plaintiff's allegations of willfulness are deemed admitted and the statute of limitations on plaintiff's FLSA claims is three years. *Angamarca*, 2012 WL 357871, at *4. This case was filed in November 2016. *See* Compl., Docket Entry 1. Thus, plaintiff's FLSA claims that accrued on or after November 2013 are timely under the FLSA. Plaintiff's remaining claims (i.e. claims that accrued from August 2013 up to but not including claims from November 2013) are timely under NYLL.

9

*Nam Yang*, 427 F. Supp. 2d at 335. As noted above, plaintiff's declaration reflects that he was paid $500 per week plus commission, which ranged from $60 to $360. Pl.'s Decl. ¶ 19. Plaintiff's weekly salary ranged, therefore, from $560 to $860. In calculating damages, plaintiff opted to use the midpoint of that salary range, which is $710. Pl.'s Mem. at 10.

"There is a rebuttable presumption that a weekly salary covers 40 hours." *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999); *see also Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012). Here, however, plaintiff—acknowledging that he worked a regular schedule and, implicitly, that it could be argued that he and defendants agreed that his weekly pay would cover all hours he worked—assumes in his memorandum of law that his weekly wages applied to the entire 65 hours that plaintiff worked each week. Pl.'s Mem. at 10. Accordingly, plaintiff's average hourly rate may be calculated by dividing his average weekly pay of $710 by his 65-hour work week, for an hourly wage of $10.92. The overtime premium due plaintiff, therefore, is $5.46 per hour of overtime worked ($10.92 x .5). Because plaintiff asserts he worked 25 hours per week of overtime, he is entitled to an additional $136.50 (25 hours x $5.46) for each week he worked for defendants. Plaintiff alleges he was employed by defendants from August 2013 until August 2016, Pl.'s Decl. ¶ 2, and he seeks overtime pay for 150 weeks of employment, Pl.'s Mem. at 10. I therefore recommend that plaintiff be awarded $20,475 ($136.50 x 150) in compensatory damages for defendants' violation of the FLSA and NYLL's overtime provisions.

Plaintiff also seeks an award of liquidated damages. Liquidated damages of one hundred percent of the amount of compensatory damages are available under both the FLSA and NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Pursuant to 29 U.S.C. § 260, courts may, in their discretion, decline to award liquidated damages where an employer "shows to the satisfaction of

the court" that it acted in good faith and reasonably believed it did not violate the FLSA. Similarly, NYLL permits a court to decline to award liquidated damages if "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 663(1). But an employer who defaults fails to make a showing of good faith. *Rodriguez v. Queens Convenience Deli Corp.*, 2011 WL 4962397, at *4 (E.D.N.Y. Oct. 18, 2011) (citing *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011)). I therefore recommend that plaintiff be awarded $20,475 in liquidated damages.

   B. Statutory Damages

Since April 9, 2011, the Wage Theft Prevention Act of the NYLL has required that "every employer shall provide his or her employees . . . at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing . . . rates of pay and basis thereof, whether paid by the hour, shift, day, week. . . or other." N.Y. Lab. Law § 195(1)(a).[5] The notice is to contain "information about the employee's rate of pay, hours of employment, and contact information for the employer." *Guaman v. Krill Contracting, Inc.*, 2015 WL 3620364, at *8 (E.D.N.Y. June 9, 2015). An employee who is not provided with proper notice within ten days of his or her first day of employment may recover damages of $50 for every workday the violations occurred or continued to occur, up to a statutory maximum of $5,000. N.Y. Lab. Law § 198(1-b). This version of the law took effect February 27, 2015. Prior to that time, the statute prescribed $50 for every work week the violations occurred, up to a statutory maximum of $2,500. 2010 N.Y.

---

[5] This provision was updated in 2014. However, plaintiff was hired before the amendment, and I rely upon the version of the statue in effect when plaintiff was hired. The provision currently in force is, in any event, substantially similar.

11

Laws ch. 564 § 7, *amending* N.Y. Lab. Law § 198(1-b).[6] The amendment to the statute is irrelevant here because, from February 27, 2015, the date of the amendment, to August 31, 2016, plaintiff worked 551 days. When the 551 days plaintiff worked without a proper wage notice are multiplied by $50 per day, the resulting sum is greater than the statutory maximum of $5000. Thus, plaintiff is entitled to $5,000 in damages as a result of defendants' failure to provide him with the notice required pursuant to Labor Law § 195(1)(a).

The NYLL also requires employers to "furnish each employee with a statement with every payment of wages, listing . . . the dates of work covered by that payment of wages [, the] rate or rates of pay [, and] the overtime rate or rates of pay." N.Y. Lab. Law § 195(3). As of February 27, 2015, the statute provides that an employee who is not provided with the wage statements required by section 195(3) may recover $250 for each work day that the violation occurs, up to a statutory maximum of $5,000. Plaintiff worked for 551 days between February 27, 2015 and August 31, 2016. When multiplied by $250 per day, the resulting amount is greater than the statutory maximum. Thus, plaintiff is entitled to the statutory maximum award of $5,000 as a result of defendants' failure to provide him with the wage statements required pursuant to Labor Law § 195(3).

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff be awarded a total of $50,950, comprised of the following amounts: $20,475 in compensatory damages, $20,475 in liquidated damages for failure to pay overtime wages, $5,000 in statutory damages for failure to

---

[6] The court notes that plaintiff was employed before and after NYLL §§ 198(1-b) and (1-d) were changed. As such, though not requested to do so by plaintiff, the court will calculate what plaintiff is entitled to for the period of employment *both* before and after the statute was changed. *See Zhen Ming Chen v. New Fresco Tortillas Taco, LLC.*, 2015 WL 5710320, at *7-8 (S.D.N.Y. Sept. 25, 2015) (calculating damages under NYLL for the period of plaintiff's employment before and after the statute changed).

12

provide wage notices required by N.Y. Lab. Law § 198(1-b), and $5,000 in statutory damages for failure to provide wage statements required by N.Y. Lab. Law § 198(1-d).  I further recommend that corporate defendant Dewan Motors LLC and individual defendant Shehan Rahman be held jointly and severally liable for these amounts.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before December 11, 2017.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff shall serve this Report and Recommendation on the defaulting defendants at their last known addresses and file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 27, 2017

U:\#VAR 2017-2018\Yousufi v. Dewan Motors (16cv6559) (DLI)
(SMG)\Yousufi_v_DewanMotors_MotionforDefaultJudgmentR&R_FINAL.docx