UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERFAN YOUSUFI,

                            Plaintiff,

                                                                                                                           SUPPLEMENTAL
                                                                                                         REPORT &
               -against-                                                RECOMMENDATION
                                                                                                         16-CV-6559 (DLI)
DEWAN MOTORS LLC, and
SHEHAN RAHMAN,

                            Defendants.
-------------------------------------------------------------X
GOLD, S., U.S.M.J.:

## INTRODUCTION

By Order dated March 13, 2018, Chief United States District Judge Dora L. Irizarry adopted a Report and Recommendation that I had previously issued in this matter. See Report and Recommendation dated November 27, 2017 ("R&R"), Docket Entry 16; Order Adopting Report and Recommendation dated March 13, 2018. As is relevant here, the Report recommended that plaintiff be awarded a total of $50,950, comprised of the following amounts: $20,475 in compensatory damages, $20,475 in liquidated damages for failure to pay overtime wages; $5,000 in statutory damages for failure to provide wage notices required by N.Y. Lab. Law § 198(1-b), and $5,000 in statutory damages for failure to provide wage statements required by N.Y. Lab. Law § 198(1-d). R&R at 12-13. In her order adopting my Report, Chief Judge Irizarry noted that both plaintiff's motion for default judgment and my Report were silent with respect to prejudgment and post-judgment interest and referred the matter to me for consideration of both. Order dated March 13, 2018.

**PREJUDGMENT INTEREST**

Prejudgment interest is mandatory with respect to certain causes of action brought under New York Law. N.Y. C.P.L.R. § 5001(a); *see also Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir. 2000) ("[S]ection 5001 imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law."). New York law further prescribes that interest shall be awarded at a rate of 9% per annum. N.Y. C.P.L.R. § 5004.

Although courts are generally obligated to award prejudgment interest, that obligation is not boundless. "Federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA." *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). The Second Circuit, however, has held that "prevailing plaintiffs may recover both [liquidated damages and prejudgment interest] for claims brought under the NYLL." *Piedra v. Ecua Rest. Inc.*, 2018 WL 1136039, at *16 (E.D.N.Y. Jan. 31, 2018) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)). In other words, plaintiff is "entitled to prejudgment interest on their unpaid overtime wages for which no federal liquidated dames are awarded—*i.e.* for wages accruing under the longer statutory period under the NYLL." *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810, at *27 (E.D.N.Y. June 18, 2013). Interest may not be awarded, however, for awards of statutory damages under the New York Labor Law. *See Demirovic v. Ortega*, 2018 WL 1935981, at *7 (E.D.N.Y. Apr. 24, 2018). Thus, plaintiff is entitled to recover prejudgment interest for compensatory damages awarded under the NYLL at the statutorily prescribed rate of 9% per annum.

In my previous Report, I recommended that plaintiff be awarded damages under the NYLL for claims that accrued from August 2013 up to but not including November 2013. R&R at 9 n.4. I also recommended that plaintiff be awarded $136.50 for each week that he worked for

defendants. *Id.* at 10. There are approximately 14 weeks between August 1, 2013 and November 1, 2013. Thus, of the total $20,475 awarded to plaintiff for unpaid overtime damages, $1911 ($136.50 x 14) was awarded for unpaid overtime compensation under the NYLL. Plaintiff is therefore entitled to prejudgment interest on $1911. When a claim accrues over a period of time, interest may be calculated using a "single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *Santillan*, 822 F. Supp. 2d at 298. A "single reasonable intermediate" date in this case would be September 17, 2013. I therefore respectfully recommend that plaintiff be awarded prejudgment interest on $1911 at the rate of 9% per annum to be computed by the Clerk of the Court from September 17, 2013 to the date judgment is entered.

## POST-JUDGMENT INTEREST

Federal law provides that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). This post-judgment interest is computed from the date of entry of judgment and is "equal to the weekly average 1 year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." *Id.* Post-judgment interest awards are mandatory. *See, e.g.*, *Schipani v. Mcleod*, 541 F.3d 158, 165 (2d Cir. 2008). As noted above, I recommend that plaintiff be awarded a total of $50,950 in compensatory, liquidated, and statutory damages. I therefore respectfully recommend that plaintiff be awarded post-judgment interest on that amount at the statutorily prescribed rate from the date judgment is entered until the date the judgment is paid.

## CONCLUSION

For the above reasons, I respectfully recommend that plaintiff be awarded prejudgment interest at a rate of 9% per annum on $1911, to be calculated from September 17, 2013 until the date judgment is entered. In addition, I respectfully recommend that plaintiff be awarded post-

judgment interest at the federally prescribed rate on the total amount of $50,950 from the date this judgment is entered until the judgment is paid.  Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than May 25, 2018.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall serve this Supplemental Report and Recommendation on the defaulting defendants at their last known addresses and file proof of service with the Court.

                                                       _____/s/_____
                                                       STEVEN M. GOLD
                                                       United States Magistrate Judge

Brooklyn, New York
May 11, 2018

*U:\#VAR 2017-2018\Yousufi v. Dewan Motors (16cv6559) (DLI) (SMG)\Yousufi_v_DewanMotors_SupplementalR&R_FINAL.docx*